**FILED**

JUN 0 3 2005

CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

DEBRA LYNN NASH )
)
)
) Civil Action No.05-5045
Plaintiff, )
)
vs. )
)
HAYLOFT PROPERTY )
MANAGEMENT, INC. )
d/b/a CARRIAGE GREEN ESTATES )
and BRIDGEWOOD ESTATES )
)
Defendants. )

## I. JURISDICTION

1. Plaintiff Debra Nash is resident of Rapid City, South Dakota.

2. Defendant is a corporation organized under the laws of South Dakota and have places of business in Rapid City, South Dakota and having its principal place of business in Tea, South Dakota.

3. Plaintiffs action arises under Title VII of the Civil Rights Act of 1964, 42, U.S.C., 2000e-3, thus giving rise to federal question jurisdiction in the Court pursuant to 28 U.S.C., 1331.

4. Plaintiff has exhausted her legal remedies in state and federal agencies. The Equal Employment Opportunity Commission letter of "Notice of Right to Sue" and the South Dakota Human Rights Commission letter of "Probable Cause" on behalf of plaintiff. Both the state and federal agencies agree to the jurisdiction and equitable relief of this Court.

1.

## II. GENERAL NATURE OF THIS ACTION

1. This action is brought to redress the gross breaches of the Title VII Civil Rights Act of 1964 by defendant acting by and through its employees, with respect to the plaintiffs' protected activity in testifying about sexual harassment and the following retaliation including wrongful discharge by defendant thereafter.

2. Involved in this action are findings of the South Dakota Human Rights Commissions' investigation and determination of probable cause. The Division of Human Rights has received and reviewed the verified charge, and all the facts and records developed during the investigation thereof. On the basis thereof, pursuant to the South Dakota Human Relations Act of 1972 (SDCL chapter 20-13) and the Administrative Rules of the South Dakota Commission of Human Rights, ARSD 20:03:04:02, the Division determined there is probable cause to believe that the Charging Party's allegations of discrimination are well founded. Nash v. Hayloft Property Management, Inc.

3. Defendant charged with discriminatory conduct contrary to the Civil Rights Act of 1964 Title VII and the Equal Employment Opportunity Commissions guidelines for non-discrimination in the workplace by the following manner.

4. Being notified of sexually explicit material being circulated in the office in December of 2002. The defendants' investigation of the sexual harassment did not begin until February of 2003. More than 45 days later cannot be considered an immediate action to stop sexual harassment. Title 29 Chapter XIV-Equal Opportunity Commission Part 1604 Sec. 1604.11 Sexual harassment. (d) With respect to conduct between fellow employees, an employer is responsible for acts of sexual harassment in the workplace where the employer (or it agents or supervisory employees) knows or should have known of the conduct. Unless it can show that it took immediate and appropriate corrective action.

5. Defendants have provided evidence to the South Dakota Human Rights Commission to support plaintiff's charges that heightened scrutiny began after testimony, reprisals, and previously unused secret shoppers used to discredit plaintiff. Plaintiff reprimanded by defendants after sexual harassment testimony for job duties previously required of plaintiff as documented by the South Dakota Human Rights Commission Nash v. Hayloft Property Management, Inc.

2.

6. Plaintiff charges race discrimination based on numerous employees of American Indian descendancey including plaintiff whom defendant did not provide an opportunity for promotion, equal raises, and wrongful terminations. American Indians are not eligible for rehire by defendant; however non Americans Indians or persons unassociated with American Indians are given higher raises, promotions, and rehire available upon employment openings.

7. Plaintiff requested relief of hostile environment from defendant several times without remedy. However, defendants own testimony as documented by the South Dakota Human Rights Commission confirm plaintiffs complaints of discriminatory conduct by defendant. Defendant requested co-workers to assist with the shoppers reports that sequentially caused great emotional stress on plaintiff. Documented in the investigation of the South Dakota Human Rights Commissions finding of probable cause determining pretext of defendants and the defendant has shown complete disregard for the Equal Employment Opportunity Commissions' rules regarding unlawful discrimination of employees by employer, evidenced by the "Notice of Right to Sue" letter issued as requested by plaintiff.

8. Plaintiff has also suffered continually retaliatory conduct by defendant as demonstrated by the February 11, 2005 guest card at Prairie Tree Apartments witnessed by Prairie Tree's caretaker/leasing consultant and plaintiff who were anticipating Cory Snyder the employee of defendant. Plaintiff was warned by another defendant employee that Cory Snyder would be shopping plaintiff, which he did on February 11, 2005.

## II. THE PARTIES
### A.  The Plaintiff

9. Plaintiff is an enrolled member of the federally recognized tribe of Citizen Pottawatomie Nation of Shawnee, Oklahoma.

10. Plaintiff was employed by defendant from July 18, 1997 through December 8, 2003 at which time plaintiff was wrongfully terminated by defendant.

3.

11. Plaintiff had an excellent employee record of attendance and performance of job duties previous to sexual harassment testimony in February 2003.

### B. The Defendant

12. Defendant and employees of the defendant are held responsible in the state of South Dakota, and thereby have responsibility to the compliance with the Equal Opportunity Employer Commission Rules and Regulations and the Title VII Civil Rights Rules of 1964.

### III. STATEMENT OF FACTS

13. In February of 2003, James Henneberry called plaintiff to discuss the investigation of Duane Grosz circulating sexually explicit material around the offices. Plaintiff confirmed allegations.

14. Plaintiff was reprimanded for cleaning apartments at the end of February 2003. Plaintiff had been required to clean apartments at the end of the month for the previous 6 years.

15. In May of 2003, plaintiff was secretly shopped by defendants' managers. This being the first time in 6 years being shopped for performance, and the only one in the office to be shopped. Kathy Grosz (wife of Duane Grosz) was aware of the secret shoppers and Kathy Grosz was not shopped for her performance.

16. In July of 2003, plaintiff was again secretly shopped. This time a co-worker was asked to have a friend do the shopping of plaintiff. The co-worker wrote the shopping report which portrayed plaintiff in a negative and unprofessional light. This report was also carelessly faxed to plaintiff without warning. Plaintiff asserts the report to be libelous, defamatory and slanderous to her professional career and future employment opportunity.

17. Plaintiff turned in her keys that day of the 2nd shopper report and went to the doctor's office for help. Plaintiff was diagnosed with depression and began medication to relieve the symptoms and returned to work within the week.

18. In November 2003, plaintiff was visited by friends whom defendant had terminated in September of 2003. Plaintiff was told by a co-worker, not to associate with ex co-workers because defendant didn't like it and could cause plaintiff to be terminated next.

19. On December 8, 2003 plaintiff was fired from the employment of defendant. A copy of the South Dakota Department of Labor finding that no misconduct on plaintiffs' part was involved is attached and incorporated herein.

20. Defendant has continued retaliation of plaintiff as recently as February of 2005 defendant sent a secret shopper, their employee to plaintiffs' current employment across the street from defendant. Both documented by plaintiffs current employment and witnessed by plaintiff and plaintiffs' current co-worker, is attached and incorporated herein.

## COUNT I
### Discrimination based on Race, under Title VII of the Civil Rights Act of 1964

21. Plaintiff restates each paragraph above and incorporates the same herein by reference.

22. Plaintiff restates charge of discrimination of race as a member of a Federal recognized tribe whom defendant retaliated against, and wrongfully terminated after participating in a protected activity of plaintiffs' testimony. The proceeding retaliation by defendants after the investigation of the sexually explicit material circulating due to Duane Grosz and the subsequent actions by the defendants thereafter.

## COUNT II
### Sex Discrimination under Title VII of the Civil Rights Act of 1964

23. Plaintiff restates each paragraph above and incorporates the same herein by reference.

24. Plaintiff was wrongfully terminated after the plaintiff participated in the investigation of Duane Grosz circulating the sexually explicit material documented by the email attached and incorporated herein.

25. Duane Grosz defendants' employee, who was investigated for the sexually explicit material being circulated in the workplace however, is still employed by defendant.

## COUNT III

### Retaliation under Title VII-42 U.S.C., 2000e-3

26. Plaintiff restates each above paragraph and incorporates the same herein by reference.

27. Plaintiff engaged in protected activity by testifying in the investigation of sexual harassment by defendants employee.

28. Plaintiff was retaliated against for this activity by being constructively discharged from her job.

29. Plaintiffs' constructive discharge was causally related to the protected activity in which plaintiff engaged.

30. In retaliating against plaintiff, defendant acted with malice or with reckless indifference to plaintiffs federally protected rights.

## COUNT IV

### Intentional Infliction of Emotional Distress

31. Plaintiff restates each above paragraph and incorporates the same herein by reference.

32. Defendant engaged in extreme and outrageous conduct.

33. Defendant, in engaging in such conduct, intended to cause and did cause plaintiff severe emotional distress.

34.  Plaintiff required medical attention for the intentional emotional distress caused by defendant.

35.  There was a causal connection between defendant's conduct and plaintiffs' severe emotional distress.

### PRAYER FOR RELIEF

A.  Plaintiff prays for the following relief:

B.  For back pay, front pay, and the value of lost employment benefits, in an amount to be determined by a jury:

C.  For damages in the amount to be determined by a jury for emotional distress;

D.  For punitive damages; and

E.  For costs, prejudgment interest, and attorney's fees

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated this 3rd day of June, 2005.

*Debra Lynn Nash*
Debra Lynn Nash In Pro Per
10268 Big Piney Road
Rapid City, SD 57702
605-343-7175

7.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2005, I caused to be served by first-class United States mail, postage prepaid, a true and correct of copy of the Motion to charge discrimination based on race, sex, retaliation, and wrongful termination of plaintiff hereto:

Hayloft Property Management
27124 Grummand Ave
Tea, SD 57064


BY: _____
Debra Lynn Nash In Pro Per
10268 Big Piney Road
Rapid City, SD 57702
605-343-7175